McKINLEY, Appellant, v. WILLIAMSON, Respondent.

1. The assignor of a thing in action, assigned for the purpose of making him a witness, should not be excluded as a witness, under section 2 of article 25 of the practice act of 1849, (sess. acts, 1849, p. 190,) where, after such assignment, the assignor is entirely divested of interest in the event of the suit.

*Appeal from St. Louis Law Commissioner's Court.*

The only question arising in this case grows out of the ruling of the court below in excluding a witness offered on the part of the plaintiff.

Plaintiff, McKinley, on the trial, offered as a witness one Margaret Johnston, who, being objected to on the ground that she was the assignor of the demand sued on, and that she had assigned said demand for the purpose of being a witness in the cause, stated on her *voir dire* " that she sold and assigned the claim to the plaintiff in this cause; plaintiff gave me twenty dollars for the claim. I never made any arrangement with the plaintiff about it. I went by the direction of plaintiff's attorney. I have never refunded the money to the plaintiff, and there is no understanding between us about it. In case he wins it, I do not expect to have any of the money, and in case he loses, I don't expect to pay any thing. I went to consult with the attorney of plaintiff as to how I could get my money, before I sold to plaintiff. I afterwards went to the office of said attorney in company with the plaintiff, at which time the assignment was made and the money paid; there was nothing said about my being a witness until subsequent to the assignment."

The court excluded the witness; whereupon the plaintiff submitted to a nonsuit, with leave to move to set the same aside; which motion having been made and overruled, the case is brought here by appeal.

*Bland & Coleman,* for appellant, cited Hamilton & Dansville Plank R. Co. v. Rice, 7 Barb. 157, 161-2; Evarts v.

Palmer, Id., 178, 181–2 ; Montgomery Co. Bank v. Marsh, 3 Selden, 481 ; 11 Barb. 545–9 ; Hall v. Robinson, 2 Comst. 293 ; Brig Sarah Ann, 2 Sumn. 206.

*Hart & Jecko*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

The point made in this cause is, whether an assignor of a chose in action can be a witness for his assignee in a suit by the assignee, under the 25th article of the present practice act. The first section of the article referred to enacts " that no person offered as a witness shall be excluded by reason of his interest in the event of the action." The second section prescribes that " the last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, nor to any assignor of a thing in action, assigned for the purpose of making him a witness." The prior clauses of this section show the class of assignors that was designed to be rendered incompetent as witnesses. Those clauses exclude a party to the suit, and those for whose immediate use the suit is prosecuted or defended. Having excluded a party, it was reasonable that the prohibition should not be evaded by merely substituting another plaintiff, the party substituting such plaintiff still retaining his interest in the suit. At common law an assignor, without recourse against him, was a competent witness for his assignee. The witness, in this case, was nothing more, for she swears that she will be neither a gainer nor loser by the event of the suit. As the statute was made to relax the rule at common law, excluding witnesses on the score of interest, it would be against its spirit to give it a construction that would exclude witnesses not excluded by the common law. If, in a determination not to be outdone, the owner of a chose in action, growing out of a contract, assigns it effectually in order that he may be a witness for its recovery, if he has freed himself from all interest in the event of the controversy, he may be a witness for his assignee. This seems to be the con-

struction of the statute in New York, where it is held that the assignor of a chose in action, which is assigned for the purpose of making him a witness, is not rendered incompetent to testify, if he is not interested in the event of the suit. (Hamilton & Dansville P. R. Co. v. Rice, 7 Barb. 155.)

The judgment is reversed, and the cause remanded ; the other judges concur.